UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID KNIGHT ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | C.A. No.  14-12587-LTS | |
| ) | | |
| CITY OF CAMBRIDGE, et al., ) | | |
|     Defendants. ) | | |

MEMORANDUM AND ORDER

SOROKIN, D.J.

For the reasons stated below, plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is denied without prejudice. If plaintiff submits a new Application to Proceed in District Court Without Prepaying Fees or Costs, he shall also demonstrate good cause why this action should not be dismissed, and file an amended complaint.

BACKGROUND

On May 28, 2014, plaintiff David Knight ("Knight"), a resident of Woburn, Massachusetts, filed a pro se complaint accompanied by an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). As best can be discerned by the handwritten complaint, a Cambridge police officer wrongfully arrested Knight in a car outside a Chinese restaurant in Harvard Square on Memorial Day weekend and assaulted him during the arrest. See Complaint ("Compl."). Knight contends that he was held for seven hours in jail and was found not guilty of all charges. Id. Knight names the City of Cambridge and the Cambridge Police Department as defendants and seeks monetary relief. Id.

DISCUSSION

I.   The Motion for Leave to Proceed In Forma Pauperis

A litigant filing a complaint in this court must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).

Here, plaintiff's Application is incomplete. Although he answered Question 3(d) concerning receipt of disability payments, he fails to answer the remaining sections of Question

3 (other income).  He left Questions 3(a)-(c) and 3(e)-(f) blank.  He also failed to answer the second part of Question 3 concerning the amount of money he received and what he expects to receive in the future.  In response to Questions 6 and 8 on the Application, he lists the type of regular monthly expenses and debts that he has, but fails to disclose the amounts owned.  The Court is unable to determine whether Knight is indigent based upon his incomplete financial disclosures.

If Knight chooses to proceed with the prosecution of this action, he will be given additional time to submit a complete Application.

II.     Screening

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.  28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In screening plaintiff's complaint, the Court recognizes that pro se pleadings are construed generously.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

III.    Discussion

       A.     Failure to Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure

Rule 10 of the Federal Rules of Civil Procedure provides for the form of pleadings, while Rule 8(a) governs the substance of pleadings.  Rule 10(b) provides, in relevant part:

> (b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.

Fed. R. Civ. P. 10(b).

Rule 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550U.S. 544, 555, 559 (2007)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004)). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the allegations in Knight's complaint are not made in numbered paragraphs. Moreover, he fails to identify each claim against each of the defendants. If Knight wishes to pursue this action, he must file an amended complaint which meets the requirements of Rules 8 and 10. He must clearly state what each defendant allegedly did and he must identify the causes of action he is bringing against each defendant. The claims in any amended complaint must be set forth in numbered paragraphs. Apart from the pleading deficiencies under Rules 8 and 10, there are substantive legal deficiencies that bar his claims, as discussed below.

### B.    Claims Against the Cambridge Police Department

Section 1983 of Title 42 provides in relevant part that "every person (emphasis added) who, under color of statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . through the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured

in an action at law, suit in equity or other proper proceedings of redress." 42 U.S.C. § 1983.

The claims against the Cambridge Police Department are subject to dismissal because the Cambridge Police Department is not a separate entity, municipality or public employer.  It is a subdivision of the municipality, the City of Cambridge, Massachusetts. The Cambridge Police Department is not an entity subject to suit for alleged violations of the plaintiff's civil rights. <u>Curran v. City of Boston</u>, 777 F. Supp. 116 (D. Mass. 1991) (dismissing civil rights claims brought under 42 U.S.C. §1983 against the Boston Police Department); <u>see</u> <u>also</u> <u>Henschel v. Worcester Police Dept., Worcester, Mass.</u>, 445 F.2d 624, 624 (1st Cir. 1971) (holding that a police department is not a suable entity, stating: "[i]f a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city...."); <u>Stratton v. City of Boston</u>, 731 F.Supp. 42, 46 (D.Mass.1989) (holding the Boston Police Department is not an independent legal entity; it is a department within the City of Boston).

Although the complaint alleges that Officer Joe Kelly "had cuffed David to the mailbox on the corner of Mass Ave. and Plympton St.,"  this officer is not named as a party in the caption of the complaint, the Application or civil cover sheet.  Officer Kelly is simply mentioned in the body of the complaint and Knight has not identified clearly whether he is asserting claims against Officer Kelly as an individual.

    C.    <u>Claims Against the City of Cambridge</u>

In addition to naming the Cambridge Police Department as a defendant, Knight also brings suit against the City of Cambridge.  In order to establish liability against the City under Section 1983, the plaintiff must satisfy "two basic elements: first, that plaintiff's harm was caused by a constitutional violation, and second, that the City [was] responsible for that violation, an element which has its own components." <u>Young v. City of Providence</u>, 404 F.3d 4, 25–26 (1st Cir. 2005).

 It is well established that there can be no <u>respondeat</u> <u>superior</u> liability for § 1983 claims. <u>Monell v. Dep't. of Social Servs.</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611

in an action at law, suit in equity or other proper proceedings of redress." 42 U.S.C. § 1983.

The claims against the Cambridge Police Department are subject to dismissal because the Cambridge Police Department is not a separate entity, municipality or public employer.  It is a subdivision of the municipality, the City of Cambridge, Massachusetts. The Cambridge Police Department is not an entity subject to suit for alleged violations of the plaintiff's civil rights. <u>Curran v. City of Boston</u>, 777 F. Supp. 116 (D. Mass. 1991) (dismissing civil rights claims brought under 42 U.S.C. §1983 against the Boston Police Department); <u>see</u> <u>also</u> <u>Henschel v. Worcester Police Dept., Worcester, Mass.</u>, 445 F.2d 624, 624 (1st Cir. 1971) (holding that a police department is not a suable entity, stating: "[i]f a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city...."); <u>Stratton v. City of Boston</u>, 731 F.Supp. 42, 46 (D.Mass.1989) (holding the Boston Police Department is not an independent legal entity; it is a department within the City of Boston).

Although the complaint alleges that Officer Joe Kelly "had cuffed David to the mailbox on the corner of Mass Ave. and Plympton St.,"  this officer is not named as a party in the caption of the complaint, the Application or civil cover sheet.  Officer Kelly is simply mentioned in the body of the complaint and Knight has not identified clearly whether he is asserting claims against Officer Kelly as an individual.

    C.    <u>Claims Against the City of Cambridge</u>

In addition to naming the Cambridge Police Department as a defendant, Knight also brings suit against the City of Cambridge.  In order to establish liability against the City under Section 1983, the plaintiff must satisfy "two basic elements: first, that plaintiff's harm was caused by a constitutional violation, and second, that the City [was] responsible for that violation, an element which has its own components." <u>Young v. City of Providence</u>, 404 F.3d 4, 25–26 (1st Cir. 2005).

 It is well established that there can be no <u>respondeat</u> <u>superior</u> liability for § 1983 claims. <u>Monell v. Dep't. of Social Servs.</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611

(1978). "Generally, a municipality may be liable under section 1983 if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (quoting Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (quoting Monell, 436 U.S. at 706)).

Therefore, "to establish municipal liability, 'a plaintiff must show that a policy or custom of the city led to the constitutional deprivation alleged.' " McElroy v. City of Lowell, 741 F.Supp.2d 349, 353 (D. Mass. 2010) (quoting Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989)). The Court searched through the allegations for any indication of a specific policy, custom, or practice identified by Knight in his complaint. Other than the allegation that Knight asked the officer "is this normal protocol," see Compl., p. 4, the Court cannot find any allegations concerning a specific policy, custom or practice by which the City of Cambridge could be held liable.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2) is DENIED without prejudice;

2. Within thirty-five (35) days of the date of this Memorandum and Order, plaintiff shall either submit a complete Application to Proceed in District Court Without Prepaying Fees or Costs or pay the $400 filing and administrative fees in full;

3. If plaintiff submits a complete Application to Proceed in District Court Without Prepaying Fees or Costs within thirty-five (35) days of the date of this Memorandum and Order, he shall also show cause why this action should not be dismissed, or he shall file an amended complaint which cures the deficiencies of the original complaint; and

4. No summonses shall issue pending compliance with the directives contained herein.

SO ORDERED.

  8/19/14                                                Leo T. Sorokin
DATE                                                     LEO T. SOROKIN
                                                           UNITED STATES DISTRICT JUDGE